IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE KWIATKOWSKI, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 10 C 6322 |
|     v. ) | |
| ) | Magistrate Judge Nan R. Nolan |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacqueline Kwiatkowski filed this action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits under Title II of the Social Security Act ("SSA"). 42 U.S.C. §§ 416, 423(d), 1381a. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), and Plaintiff has filed a motion for summary judgment. For the reasons stated below, this case is remanded for further proceedings consistent with this opinion.

**I. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To recover Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") under Titles II and XVI of the SSA,[1] a claimant must establish that he

---

[1] The regulations governing the determination of disability for DIB are found at 20 C.F.R. § 404.1501 *et seq*. The SSI regulations are virtually identical to the DIB regulations and are set forth at 20 C.F.R. § 416.901 *et seq*.

or she is disabled within the meaning of the SSA. *York v. Massanari*, 155 F. Supp. 2d 973, 977 (N.D. Ill. 2001); *Keener v. Astrue*, 2008 WL 687132, at *1 (S.D. Ill. 2008). A person is disabled if he or she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a). In determining whether a claimant suffers from a disability, the ALJ conducts a standard five-step inquiry:

1. Is the claimant presently unemployed?
2. Does the claimant have a severe medically determinable physical or mental impairment that interferes with basic work-related activities and is expected to last at least 12 months?
3. Does the impairment meet or equal one of a list of specific impairments enumerated in the regulations?
4. Is the claimant unable to perform his or her former occupation?
5. Is the claimant unable to perform any other work?

20 C.F.R. §§ 404.1509, 404.1520, 416.909, 416.920; *see Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985). "The burden of proof is on the claimant through step four; only at step five does the burden shift to the Commissioner." *Clifford*, 227 F.3d at 868.

## II. PROCEDURAL HISTORY

Plaintiff applied for DIB on July 15, 2008, alleging that she became disabled on August 22, 2006, due to lupus, heart condition, scoliosis and high blood pressure.[2] (R. at 9, 120, 223.) The application was denied initially and on reconsideration, after which Plaintiff filed a timely request for a hearing. (*Id.* at 9, 53, 54, 74–75.)

On September 17, 2009, Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge ("ALJ"). (R. at 9, 20–49.) The ALJ also heard testimony from Bernard Stevens, M.D., a medical expert ("ME"). (*Id.*; *see id.* at 107.)

The ALJ denied Plaintiff's request for benefits on October 24, 2009. (R. at 9–14.) Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has engaged in substantial gainful activity since May 2007. (*Id.* at 11–13.) Accordingly, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the SSA. (*Id.* at 13–14)

The Appeals Council denied Plaintiff's request for review on August 20, 2010. (R. at 1–3.) Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the SSA. In reviewing this decision, the Court may not engage in its own analysis of

---

[2] Plaintiff previously filed a DIB application on April 22, 2008, but did not request reconsideration of the initial unfavorable determination. (R. at 9, 50, 55–57, 110.)

whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). The Court must critically review the ALJ's decision to ensure that the ALJ has built an "accurate and logical bridge from the evidence to his conclusion." *Young,* 362 F.3d at 1002. Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

## IV. DISCUSSION

Plaintiff asserts that at step one, the ALJ used an erroneous standard and failed to properly analyze whether Plaintiff engaged in substantial gainful activity. (Mot. 4–6.) She contends that the ALJ erred at step one by failing to average her post-April 2008 earnings. (*Id.* 4–5.) She also argues that the ALJ improperly conflated a steps 2–5 finding that a claimant is *able* to do substantial gainful activity with a step 1 finding that a claimant is *doing* substantial gainful activity. (Reply 1–4.)

### A. The Relevant Evidence

Plaintiff began working part-time at Wal-Mart in February 2008. (R. at 167.) Records indicate that she received the following earnings from Wal-Mart:

| | |
|---|---|
| February 2008: | $1096.05 |
| March 2008: | $1302.45 |
| April 2008: | $1117.35 |
| Second Quarter 2008: | $3108.00 |
| Third Quarter 2008: | $2240.00 |
| Fourth Quarter 2008: | $2867.00 |
| First Quarter 2009: | $2730.00 |

(*Id.* at 119, 148.)

Plaintiff testified that beginning in February 2008, she has worked as a part-time cashier for Wal-Mart. (R. at 25.) Her initial wage was $9.40 per hour, which was later increased to $10.10 per hour. (*Id.* at 26.) She works between 15 and 20 hours per week but could not work more hours even if offered. (*Id.*) Because of her heart condition and her lupus, her doctors have advised her not to work more than 20 hours per week. (*Id.*)

The ME testified that beginning at least as far back as September 2007, Plaintiff has met the requirements of Listing 14.02A for lupus. (R. at 46–48.)

## B. Analysis

At step one of the sequential evaluation, the ALJ determines whether a claimant has engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is found "not disabled regardless of [the claimant's] medical condition or [her] age, education, and work experience." *Id.* § 404.1520(b). "In determining whether the work a claimant has done shows that he or she is able to do SGA, the regulations provide that if a claimant has worked for 'substantial earnings,' it will be presumed that he or she can perform SGA." *Shepard v. Astrue*, No. 10 CV 323, 2011 WL 5419852, at *4 (D. Vt. Oct. 12, 2011); *see* 20 C.F.R. § 404.1574(a)(1) ("Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity."). If a claimant's work "was continuous without significant change in work patterns or earnings," the ALJ must "average [the] earnings over the entire period of work requiring evaluation." 20 C.F.R. § 1574a(a); *see* Social Security Ruling ("SSR")[3] 83-35, at *3 ("If the individual's pattern of work was (or is) continuous without significant change in work patterns or earnings . . ., earnings are to be averaged over the entire period of work requiring evaluation."). Further, if a claimant works over a period of time during which the SGA earnings levels change in accordance with the applicable guideline tables, the ALJ will "average

---

[3] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). While the Court is "not invariably *bound* by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

[the claimant's] earnings separately for each period in which a different [SGA] earnings level applies." 20 C.F.R. § 404.1574a(b).

In order to meet the SGA threshold, Plaintiff's monthly earnings had to average more than $900 per month in 2007, more than $940 per month in 2008, and more than $980 per month in 2009. (R. at 12) (citing 20 C.F.R. § 1574(b)(2)(ii)). Plaintiff "concedes that her earnings in most of 2007 through April 2008 appear to have been done at the SGA level." (Mot. 4.)

The ALJ found that Plaintiff has engaged in SGA since May 2007. (R. at 11–13.) As to her earnings from Wal-Mart, he concluded:

> There are other reports that [Plaintiff] began working at Wal-Mart in 2008. Records from Wal-Mart indicate that she had gross earning in excess of presumptive substantial gainful activity levels for 2008 in February, March and April. At the hearing, she testified that she has without interruption continued to work for Wal-Mart, for about 15 to 20 hours a week. She stated that she began with a wage of $9.40 per hour and now earns $10.10 per hour. Review of the records produced shows that she has continued to receive wages that are consistent with the number of hours and hourly pay she claimed. Specifically, Wal-Mart made quarterly reports that, in 2008, she earned $3,108 for the second quarter, $2,224 for the third quarter, $2,876 for the fourth quarter; and in the first quarter of 2009, she earned $2,730.[4]
>
> \* \* \*
>
> Though her work at Wal-Mart has resulted in earnings that have not always been presumptively substantial, she has not shown that she is not able to do substantial gainful activity. In February 2008, she began working at Wal-Mart and continues to do so in a relatively consistent part-time schedule that has resulted in a pay increase without any accommodation made to her. This is work activity that involves doing significant physical or mental activities and is done for pay or profit.

(*Id.* at 12, 13.)

---

[4] The ALJ's decision includes some typographical errors. Plaintiff actually earned $2240 in the third quarter of 2008 and $2867 in the fourth quarter of 2008. (*Compare* R. at 12 *with id.* at 148.)

Under the circumstances, none of the reasons provided by the ALJ for determining that Plaintiff had engaged in SGA are legally sufficient or supported by substantial evidence. First, the ALJ should have calculated and considered Plaintiff's average monthly earnings at Wal-Mart before determining that she had engaged in SGA. The ALJ determined that Plaintiff had engaged in SGA because she earned more than $940 per month in February, March and April 2008 (R. at 12; *see id.* at 119), without calculating her average monthly earnings through the first quarter of 2009—the last earnings reports included in the record. It appears that Plaintiff's Wal-Mart employment "was continuous without significant change in work patterns or earnings." 20 C.F.R. § 1574a(a). Indeed, the ALJ acknowledged that Plaintiff "has without interruption continued to work for Wal-Mart, for about 15 to 20 hours per week" and that "she continued to receive wages that are consistent with the number of hours and hourly pay she claimed." (R. at 12.) Accordingly, the ALJ should have "average[d] [Plaintiff's] earnings over the entire period of work requiring evaluation." 20 C.F.R. § 1574a(a); *see* SSR 83-35, at *3. But "[t]here is no indication that the ALJ ever calculated or considered [Plaintiff's] average monthly earnings [after April 2008.] This was improper under the regulations." *Yonts v. Barnhart*, No. 03 C 3420, 2004 WL 1005690, at *4 (N.D. Ill. May 4, 2004).

Computing Plaintiff's average monthly earnings indicates that she was below the SGA threshold. Indeed, Plaintiff's average monthly earnings during the second, third and fourth quarters of 2008 was $912 per month (R. at 148), which was under the 2008 SGA threshold of $940 (*id.* at 12.) And Plaintiff's average monthly earn-

ings during the first quarter of 2009 was $910 per month (*id.* at 148), which was well under the 2009 SGA threshold of $980 (*id.* at 12); *see* 20 C.F.R. § 404.1574a(b) (stating that when a claimant works "over a period of time during which the substantial gainful activity earnings levels change, [the Commissioner] will average [the claimant's] earnings separately for each period in which a different substantial gainful activity earnings level applies."). Accordingly, there is at least a 12-month period in which Plaintiff's earnings were below the SGA threshold. *See* 20 C.F.R. §§ 404.1505(a) (A person is disabled if he or she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."); (*cf.* R. at 13).

Second, even assuming that averaging Plaintiff's Wal-Mart earnings during 2008–2009 was not appropriate, the ALJ should have discussed why he opted not to do so. Instead, the ALJ did not make a finding of any material changes in Plaintiff's earnings or work patterns, and it is not clear why he chose to report Plaintiff's monthly earnings in the matter that he did. *See Shepard*, 2011 WL 5419852, at *5 ("Most importantly, however, the ALJ did not discuss changes in either Shepard's earnings or work patterns in his decision, and it is unclear why he opted to average Shepard's earnings in the manner that he did."). "Although significant changes in [Plaintiff's] earnings (and thus application of 20 C.F.R. § 416.974a(c)) perhaps could justify the ALJ's failure to average [Plaintiff's] earnings over the entire period of work, it cannot be discerned from the ALJ's decision or the record as a whole that

the ALJ actually applied and relied on this regulation as a basis for averaging [Plaintiff's] earnings merely over certain [periods] of work." *Shepard*, 2011 WL 5419852, at *5; *see* 20 C.F.R. § 404.1574a(c) ("If there is a significant change in your work pattern or earnings during the period of work requiring evaluation, we will average your earnings over each separate period of work to determine if any of your work efforts were substantial gainful activity."). Indeed, as discussed above, the ALJ conceded that Plaintiff's work at Wal-Mart was "consistent" throughout the period of 2008–2009. (R. at 12–13); *see Shepard*, 2011 WL 5419852, at *5 ("Specifically, there is no finding in the ALJ's decision or elsewhere in the record that there was a 'significant change' in Shepard's 'work pattern or earnings' in certain months of the alleged disability period as compared to other surrounding months, such that it would be appropriate to apply 20 C.F.R. § 404.1574a(c) to treat these respective periods as 'separate period[s] of work' for purposes of averaging Shepard's earnings."); *Yonts*, 2004 WL 1005690, at *4 ("The problem is that the ALJ's decision gives no indication [how] she applied the regulations . . ., that she ever calculated average monthly earnings, or that she ever considered the other factors specified in [the regulations].").

Finally, the ALJ conflates the step one standard with later steps in the discrete sequential evaluation process. In his decision, the ALJ stated that "[t]hough [Plaintiff's] work at Wal-Mart has resulted in earnings that have not always been presumptively substantial, she has not shown that she is not able to do substantial gainful activity." (R. at 13; *see also* Resp. at 5 (Commissioner making the same

faulty argument).) But the *only* issue at step one is whether Plaintiff is *actually* performing SGA, not whether she is *capable* of performing SGA. If a claimant is not *engaged* in SGA at step one, then an ALJ must proceed through steps two through five to determine if the claimant is *able to* engage in SGA. While the Commissioner may generally presume that a claimant who has worked for "substantial earnings" is "able to do substantial gainful activity," 20 C.F.R. § 404.1574(a)(1), the regulations do not permit the ALJ to conclude at step one that isolated monthly earnings in excess of the SGA threshold *without* conducting an average monthly analysis necessarily mean that a claimant is *able to* perform SGA at steps four or five. Further, the ME testified that Plaintiff met Listing 14.02A for lupus. (R. at 46–48.) As the ALJ acknowledged in his decision, if a claimant is not *engaged* in SGA at step one and meets a listing at step three, she is presumed disabled without having to proceed through to steps four or five to determine if she is *able to* engage in SGA. (R. at 10); *see* 20 C.F.R. § 404.1520(a)(4)(iii).

The Commissioner contends that Plaintiff's "work was comparable to that of unimpaired people in her community who were doing the same or similar occupations." (Resp. 5) (citing 20 C.F.R. § 404.1574(b)(3)(ii)(A)). But the ALJ did not address section 404.1574(b)(3)(ii) in his decision. (*See* R. at 12–13.) By speculating that the ALJ could have made a comparability argument, the Commissioner "violated the *Chenery* doctrine (*see SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943)), which forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced." *Parker*, 597 F.3d at 922; *see Spiva v. Astrue*, 628

F.3d 346, 353 (7th Cir. 2010) ("the government's brief and oral argument . . . seem determined to dissolve the *Chenery* doctrine in an acid of harmless error"). In any event, section 404.1574(b)(3)(ii) applies only if Plaintiff "is in a position to control when earnings are paid to [her] or the amount of wages paid to [her] (for example, if [a claimant is] working for a small corporation owned by a relative)." Here, the ALJ made no such finding. (R. at 12–13.)

## C. Summary

In sum, the ALJ has failed to "build an accurate and logical bridge from the evidence to her conclusion." *Steele*, 290 F.3d at 941 (internal quotation omitted). This prevents the court from assessing the validity of the ALJ's findings and providing meaningful judicial review. *See Scott*, 297 F.3d at 595. For the reasons set forth herein, the ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate whether Plaintiff's earnings exceed the applicable SGA thresholds, either performing an average monthly analysis or thoroughly discussing why such an analysis is not appropriate. 20 C.F.R. §§ 404.1574, 404.1574a. Nothing in this Opinion is intended to disturb the ME's findings that Plaintiff has met the requirements of Listing 14.02A.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment [Doc. 19] is **GRANTED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: April 20, 2012

NAN R. NOLAN
United States Magistrate Judge